## S. W. NAWAHIE, BY HIS NEXT FRIEND, AKALA LAMNUI *v.* GABALIELA KAMALANI.

## No. 1031.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
### HON. C. W. ASHFORD, JUDGE.

ARGUED NOVEMBER 15, 1917.                    DECIDED NOVEMBER 24, 1917.

### ROBERTSON, C.J., QUARLES AND COKE, JJ.

INSANE PERSONS—*person mentally incompetent to transact business affairs—suit brought in name of next friend or guardian ad litem —proceedings.*

A next friend may institute a suit for a person who is alleged to be mentally incompetent, but where an issue is raised by the party's denial of such mental incompetency the issue thus raised is properly determined by the court *in limine* before further steps are taken in the suit.

TRIAL—*judicial inquiry.*

Upon an inquiry *in limine* regarding the status of a person alleged to be mentally incompetent a judicial hearing is required and the taking of the evidence of but one witness followed by a refusal on the part of the court to hear any other or further evidence falls short of a judicial inquiry as contemplated by the law.

OPINION OF THE COURT BY COKE, J.

In April, 1917, the appellant Akala Lamnui, as the next friend of S. W. Nawahie, filed a bill in equity alleging mental weakness and incapability on the part of Nawahie and his susceptibility to the undue influence of designing persons, further averring that in February, 1917, the respondent Gabaliela Kamalani, through the exercise of undue influence over the mind of Nawahie, caused Nawahie to execute to him a deed by which for the consideration of one dollar and love and affection all real and personal

property owned by Nawahie and situated in the Territory of Hawaii was transferred to Kamalani. It is further averred that this property is extensive and very valuable; that said Akala Lamnui is a second cousin and the nearest relative of Nawahie, and that the same Gabaliela Kamalani is not related either by consanguinity or affinity to said Nawahie. Numerous allegations are contained in the bill reciting alleged facts tending to show the mental incapacity of Nawahie and the prayer thereof asks that the deed from Nawahie to Kamalani be adjudged to be null and void. The respondent Kamalani interposed a demurrer to the bill of complaint upon which no action has been taken by the circuit judge. Nawahie appeared and moved to dismiss the bill of complaint averring in his motion that the suit was instituted and filed without his authority, knowledge or consent, and is being maintained and continued without his authority or consent and that he disapproves of its institution and does not desire its maintenance or continuance, but on the contrary desires it to be terminated and dismissed. He further alleges in his motion that he is of sound mind and mentally competent to institute, prosecute, terminate, withdraw and discontinue said suit and said bill of complaint and to protect all of his interests in the property involved thereunder and to transact all matters of business. This motion was accompanied by the affidavit of Nawahie which substantially recounts the matters contained in the motion. Thereafter the issues raised by the motion, to wit, whether Nawahie was mentally competent to conduct his own business affairs, or whether on account of mental infirmity the suit should properly be maintained for him by a next friend, came on for hearing before the circuit judge. The trial judge proceeded upon the theory that this question should be disposed of *in limine* and that the burden of establishing the mental status and condition of Nawahie was upon

the person claiming the right to appear and conduct the cause as his next friend.

In this inquiry counsel for the next friend first called Nawahie, who was subjected to a lengthy examination. At the conclusion of the testimony of this witness counsel for the next friend called another witness, but early in the examination was stopped by the judge who held in effect that he would hear no further testimony of whatsoever nature, having already become convinced by the testimony and appearance of Nawahie that he was of sound mind and in all respects mentally competent to transact his own affairs. The judge peremptorily declined to hear further evidence and proceeded to grant the motion and dismissed the suit. Akala Lamnui comes to this court on appeal from the order of the judge thus made.

There can be no question that the mental status of Nawahie became an issue and the trial judge properly proceeded upon the theory that this issue should be determined *in limine*. Such is the law as expressly stated by this court. See *Kalanianaole* v. *Liliuokalani,* 23 Haw. 457, 468. Following the discussion of other questions the court in *Isle* v. *Cranby,* 199 Ill. 39, 46, says: "The next question that arises on this record is, what is the proper course to pursue in case the person who is alleged to be of unsound mind appears in court and protests that he is not of unsound mind and that the suit was instituted and prosecuted without his authority and against his will, and asks that the same be dismissed? The presumption is that all adult persons are of sound mind and capable of managing their own affairs and caring for their estate, and the mere fact that it is alleged in an affidavit filed in support of a motion by a person asking that he be appointed the next friend to a particular person who, it is alleged, is of unsound mind and not capable of taking care of his own affairs, does not destroy that presumption.

Neither would such presumption be rebutted by the order of the court, based upon *ex parte* affidavits, appointing such person and permitting him to file a bill in the name of and on behalf of the person who is alleged to be of unsound mind, as his next friend.  Such motions are usually made in behalf of persons alleged to be of unsound mind by some friend, and it is presumed, we think, in the absence of anything appearing to the contrary, that whatever consent to the bringing of the suit such person is capable of giving has been obtained, and that it is, in fact, his suit; but when he makes known to the court that it is not his suit,—that he is competent to take care of his own affairs and that the supposed friend is a mere intermeddler,—what should the court do?  The individual liberty of the person is involved and his right to dispose of his property as he may see fit.  These are rights which he cannot be deprived of by any court, unless it be made to appear that by reason of the condition of his mind he has become incapable of taking care of his property.  We see no reason, however, under our practice, why this question cannot be properly disposed of in the cause then pending in court, either by the chancellor or by submitting the question to a jury, should a jury be demanded."  It was held in the case of *Kalanianaole* v. *Liliuokalani, supra,* that this issue should be determined by *judicial inquiry* and we are of the opinion that both reason and the great weight of authority sustain this ruling.

It therefore follows that there is but one question presented for our consideration by the record in this case, to wit, was a fair judicial inquiry upon the issues had when but a sole witness (the alleged incompetent) was permitted to testify; or did the trial judge abuse his discretionary power in peremptorily terminating the inquiry upon the conclusion of the evidence of this witness and by refusing to hear any other evidence and by dismissing

the suit?  Counsel for respondent appears from the record herein to have been prepared and anxious to present other evidence, but was denied the right to so do by the ruling of the trial judge, following which the judge ordered a dismissal of the suit.  This action of the judge is the burden of appellant's grievance for which she now seeks the interposition of this court.

A judicial inquiry contemplates an adjudication of the adverse claims.  It corresponds to a judicial hearing and implies a judicial examination of the issues between the parties, whether of law or of fact; the receiving of facts and arguments and the right to adduce testimony.  See 21 Cyc. 408.  A trial judge may in any proceeding properly refuse to hear cumulative evidence upon a question already fully established, but it is our opinion that no court has a right in the trial of an issue, after a single witness has testified in relation thereto, to deny the party having the affirmative of the issue the right to present any other or further evidence thereon.  Such a procedure, in our opinion, falls far short of a judicial inquiry as contemplated by the law.

The ruling and order appealed from is reversed and the cause remanded to the circuit judge for further proceedings not inconsistent with the views herein expressed.

*J. Lightfoot* (*Lightfoot & Lightfoot* on the brief) for Akala Lamnui.

*C. F. Peterson* for S. W. Nawahie.